UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARCAVAGE, CAL ZASTROW,
MICHAEL MATTIA, CHRIS COATNEY,
and MARK GABRIEL,

        Plaintiffs,

vs.

Case No. 06-CV-15176
HON. GEORGE CARAM STEEH

THE CITY OF DETROIT, MICHIGAN;
POLICE SGT. JOSEPH LEWIS, individually
and in his official capacity; POLICE OFFICER
MATTHEW FOLKS, individually and in his
official capacity; POLICE OFFICER
V. SOLOMON, individually and in her
official capacity, and CODE ENFORCEMENT
OFFICER JOSEPH MAPLES, individually and
in his official capacity

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF AND GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

      Plaintiffs move for injunctive relief against the City of Detroit and individually against Police Officers Lewis, Folks, Solomon, and Code Enforcement Officer Maples. Plaintiffs also move for attorneys' fees and costs as the prevailing party of the underlying lawsuit. For the reasons set forth below, Plaintiffs' motion for injunctive relief will be DENIED while their motion for fees and costs will be GRANTED IN PART.

## I. Background

On November 20, 2006 Plaintiffs filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief due to alleged constitutional violations by Defendants stemming from their prohibition and confiscation of Plaintiffs' anti-abortion signs on the basis of content. Declaratory relief was granted by this court on January 7, 2008 followed by a stipulation for entry of judgment in favor of Plaintiffs for damages in the amount of $314.00, on February 27, 2008. The parties agreed to forego a trial based on the stipulation. Plaintiffs now seek a permanent injunction against the City of Detroit requiring the Detroit Police Department (DPD) to train its officers on the enforcement of First Amendment rights along with an injunction against the individual Defendant officers enjoining them from prohibiting or confiscating Plaintiffs' signs on the basis of their content. Plaintiffs also seek to recover attorneys' fees, expenses and costs. Plaintiffs seek fees of $50,023.00 and costs of $2,900.75 for a total of $52,923.75. The issues presently before the court are whether: (1) it is reasonable to issue a permanent injunction against the DPD and/or individual DPD officers; (2) Plaintiffs have achieved prevailing party status in the underlying lawsuit; and if so (3) Attorney Wenger's number of billed hours and the activities billed at attorney rates were reasonable.

## II. Standard of Review - Injunctive Relief

A plaintiff seeking a permanent injunction must satisfy the following criteria:

> At the permanent injunction stage, the requirements for injunctive relief are success on the merits, irreparable harm, a balance of harms weighing in favor of the prevailing party, and public interest weighing in favor of the injunction.

McCuiston v. Hoffa, 351 F.Supp.2d 682, 689 (E.D. Mich. 2005) (quoting 42 Am. Jur. 2d Injunctions § 14). The Sixth Circuit further defined the standard for a permanent injunction by holding that "where a plaintiff establishes a constitutional violation . . . the plaintiff will be entitled to permanent injunctive relief upon a showing of: (1) a continuing irreparable injury if the court fails to issue the injunction, and (2) the lack of an adequate remedy at law." Warren v. City of Athens, Ohio, 411 F.3d 697, 711 (6th Cir. 2005).

### III. Analysis

Plaintiffs do not satisfy the requirements for a permanent injunction. Although the loss of First Amendment rights does constitute an irreparable injury, Elrod v. Burns, 427 U.S. 347, 373 (1976), Plaintiffs complain of a single, isolated injury stemming from two incidents that have clearly ended. Even though Plaintiffs claim that they will protest using the same signs in the future, it is conjecture whether the DPD or individual defendants will react in the same unconstitutional manner and inflict the same injury on Plaintiffs as before. Injunctions are issued to halt a continuing irreparable injury and Plaintiffs have not met their burden of showing that they have suffered such harm.

Furthermore, Plaintiffs have already received an adequate remedy at law. As stated in Plaintiffs' own memo, "this case was always about vindicating the violation of Plaintiffs' constitutional rights." Plaintiffs achieved their goal with this court's declaratory order issued on January 7, 2008 along with compensatory damages granted on February 27, 2008. There is no need to issue a permanent injunction in addition to the relief already granted.

At the very core of this matter lies the fact that the DPD already has a training program in place which addresses First Amendment enforcement. In Rizzo v. Goode,

3

423 U.S. 362, 363-67 (1976), the Supreme Court reversed a district court injunction requiring revisions of police department training manuals and procedures since such action "appeared to have the potential for prevention of future police misconduct" as an "unwarranted intrusion by the federal judiciary into the discretionary authority" of state officials. The Court pointed out that the small number of police misconduct incidents combined with the lack of an affirmative role by the police department in depriving Plaintiffs of their rights made an intrusive injunction unwarranted. Id. at 377-78. Here, Plaintiffs have not provided compelling evidence showing that the scope of the problem necessitates an intrusive injunction. Plaintiffs do not dispute that for several days leading up to the Super Bowl they were allowed to protest with their signs in front of many police officers without incident. Nor do Plaintiffs claim that the DPD encourages or condones restrictions on free speech. Plaintiffs' argument that there is a pervasive problem is unpersuasive. Forcing the DPD to change their training program due to the actions of a handful of officers is unreasonable and unwarranted.

Likewise, granting a permanent injunction against the individual officers is also unreasonable. The U.S. Supreme Court has not found injunctive relief to be appropriate where there is no persistent pattern of police misconduct. See Allee v. Medrano, 416 U.S. 802, 815 (1974). Plaintiffs have not shown that these particular officers have a history of repeatedly violating citizens' First Amendment rights or that they were part of a larger conspiracy to achieve the same result. A permanent injunction is a drastic measure; in attempting to govern how these individual officers must act in all future situations concerning Plaintiffs' signs and their content, it curtails the vital discretionary power required by all police officers. The scope of the problem does not require such a

remedy.

## IV. Standard of Review - Prevailing Party Status & Attorneys' Fees

A party is entitled to attorneys' fees if they have "prevailed on the merits of some of [their] claims." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598, 603 (2001) (citing Hanrahan v. Hampton, 446 U.S. 754, 758 (1987)). A judgment on the merits, or an award of compensatory and/or nominal damages can suffice under this test. See Farrar v. Hobby, 506 U.S. 103 111-12 (1992). In addition, a settlement agreement enforced through a consent decree may serve as the basis for an award of attorneys' fees. Maher v. Gagne, 448 U.S. 122, 129 (1980). The overarching standard is that "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citing Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)).

The prevailing party is entitled to recover attorneys' fees for "all time reasonably spent on a matter." Northcross v. Bd. of Educ. of Memphis City Sch., 611 F.2d 624, 636 (6th Cir. 1979). However, the hours claimed need not be automatically accepted by the district court. Id. Hours may be cut for duplication, padding, or frivolous claims. Id. In complicated cases, involving many lawyers, the Sixth Circuit has approved the arbitrary but essentially fair approach of simply deducting a small percentage of total hours to eliminate duplication of services. Id. at 637. In situations where the plaintiff is only partially successful, it is within the district court's discretion to attempt to identify specific hours that should be eliminated or to simply reduce the award to account for the limited

5

success. Hensley, 461 U.S. at 436-7.  Otherwise, after considering the amount and nature of damages awarded, a district court may award low fees or no fees at all without "reciting the 12 factors bearing on reasonableness." Farrar, 506 U.S. at 115.

**V. Analysis**

A. Prevailing party status

Plaintiffs qualify for prevailing party status and are entitled to an award of attorneys' fees.  Plaintiffs were granted a declaratory judgment and were awarded compensatory damages through a settlement agreement enforced by consent decree. As Plaintiffs have clearly prevailed on the merits of some of their claims and achieved some of the benefit sought in bringing the suit, the test for prevailing party status has been met.

B. Attorneys' Fees and Costs

Defendants argue that even if Plaintiffs are the prevailing party, they should not receive attorneys' fees because the damages awarded were minimal.  Citing cases where the plaintiff prevailing party was awarded nominal damages but not attorneys' fees, they specifically point to the holding in Farrar, where the Court stated, "when a plaintiff recovers only nominal damages because of a failure to prove an essential element of the claim for monetary relief, the only reasonable fee is usually no fee at all." Farrar, 506 U.S. at 115. However, Plaintiffs in this case were able to prove actual, compensable injury requiring monetary relief.  Furthermore, unlike in Farrar, Plaintiffs' overarching objective was the vindication of their constitutional rights, in which they were successful, and not mere damages.  Farrar does not apply to this case; attorneys'

6

fees are reasonable.

Defendants object to the number of hours charged by Attorney Wenger and to certain activities performed by Mr. Wenger during the time charged. They also object to a variety of costs claimed by Plaintiffs, such as airfare, parking, and meals.

Mr. Wenger billed 189.1 hours on this case, which is almost four times the number of hours spent by Defense counsel. The court agrees that this disparity is unreasonable, in spite of Plaintiffs' counsel's claim that the disparity is due to Defense counsel having done little work on the case. The fact that Plaintiffs' counsel was forced to spend additional time on their motion to compel and motion for summary judgment due to Defense counsel's lack of response does not change this court's conclusion. In addition, Mr. Wenger's expertise with First Amendment litigation and the availability of case law precedent calls into question the excessive amount of time spent on this case.

A significant portion of Plaintiffs' case revolved around the pursuit of injunctive relief, an effort that ultimately failed. Even though Plaintiffs qualify for prevailing party status, their limited success, as reflected in the nature and amount of damages awarded, merits consideration. Fees are granted for time "reasonably spent" and this court feels that the time spent by Plaintiffs' counsel on seeking injunctive relief was not time reasonably spent. Although an attempt to identify the specific hours and activities devoted to seeking injunctive relief would be impracticable, it is reasonable to assume that a significant portion of Mr. Wenger's billed hours were assigned to this endeavor. This court orders a reduction of the billable hours requested by Mr. Wenger to 151.3 hours.

The activities billed at attorney rates by Mr. Wenger and objected to by

Defendants have already been removed from Plaintiffs' list of fees and so the objection is moot.

It is well settled that certain out of pocket expenses are fully compensable under 42 U.S.C. § 1988. A district court has the authority to award "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client . . . reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable." Northcross, 611 F.2d at 639. The expenses claimed by Plaintiffs are reasonable on its face and would normally be charged to a fee paying client; Plaintiffs are to be awarded $2900.75 in costs provided that satisfactory documentation such as receipts are provided to this court.

## VI. Conclusion

Plaintiffs' motion for injunctive relief is hereby DENIED. Plaintiffs' motion for attorneys' fees and costs is hereby GRANTED IN PART. This court orders adjusted fees of $41,518.00 [(Wenger: 151.3 hr. x $225) + (other attorneys: $4580.5) + (admin. fees: $2895)] along with costs of $2900.75 for a total of $44,418.75.

Dated: July 31, 2008

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---